# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cr-00093-TWP-MG |
| | ) | |
| CHRISTOPHER MILLER | ) | |
| a/k/a Millz | ) | |
| a/k/a Milliticket | ) | |
| a/k/a Moneymillz | ) | |
| a/k/a MT, | ) | -03 |
| | ) | |
| Defendant. | ) | |

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND
## ORDER DENYING MOTION TO WITHDRAW PLEA OF GUILTY

This matter is before the Court on Defendant Christopher Miller's ("Miller") Motion to Withdraw Plea of Guilty, after acceptance, but before sentencing, because (1) "his plea was not knowing in that he did not understand the elements of the charges against him and the defenses available;" (2) "he was under duress at the time of the change of plea;" (3) "he is innocent of the charges against him;" (Filing No. 676); and (4) his counsel was ineffective (Filing No. 767). In its Response in Opposition to Defendant's Motion to Withdraw Plea of Guilty, the Government argued the Court should deny the motion without holding an evidentiary hearing (Filing No. 681 at 3). However, in deference to the representations made by Miller's counsel, a hearing was held. The Motion is **denied**, and the Court now issues its findings explaining why Miller has failed to show "fair and just" reasons for withdrawal of his plea of guilty.

## I.    FINDINGS OF FACT

Miller is the third co-defendant listed in the 13-defendant case *United States v. Joaquin Carranza*, et. al, 1:23-cr-00093. On January 17, 2024, a federal grand jury returned a Second

Superseding Indictment charging Miller with the offenses Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substance (Count 1), Conspiracy to Launder Monetary Instruments (Count 3), Engaging in Monetary Transactions in Criminally Derived Property (Count 7), and Unlawful Possession of a Firearm by a Convicted Felon (Count 15) (Filing No. 253). While under the representation of counsel James A. Edgar ("Edgar"), Miller filed a Petition to Enter a Guilty Plea and Request for Preparation of Pre-Sentence Report on June 5, 2024 (Filing No. 402). In that Petition, Miller petitioned the Court to enter a plea of guilty to Counts 1, 3, and 7 of the Superseding Indictment. *Id*. Miller stated that he can read, write and understand the English language, he had read and discussed the indictment with his attorney, and he understands the offenses brought against him and the statutory penalties. *Id*. at 1-3. Miller stated that his request to enter a plea of guilty was voluntary and of his own accord. *Id*. at 6. Miller also stated he understood that he had a right to plead not guilty and if he chose to plead not guilty, acknowledged his constitutional guarantees. *Id*. at 5.

Miller submitted a factual basis in his Petition, admitting that in 2022, and no later than June 22, 2023, he joined a drug trafficking organization and conspired with "Jaraughn Bertram, Joaquin Carranza, Afrika Williams and others to possess with the intent to deliver and to distribute 100 grams or more of fentanyl mixture, 400 grams or more of fentanyl, and 500 grams or more of methamphetamine mixture." *Id*. at 3-4. Miller personally traveled to Arizona to meet with Carranza to obtain a large amount of fentanyl pills, and he split up the pills he obtained by mailing some of them to Indiana. *Id*. at 4. Miller admits that approximately $73,200.00 in currency exchanges and $32,816.00 in cash deposits and CashApp debits were conducted, using his drug proceeds. *Id*. The drug proceeds were traded in small denomination bills for large denomination bills. *Id*. Miller also

purchased a 2014 Jeep Grand Cherokee for approximately $20,000 cash with proceeds from the drug activities. *Id*.

That same day, June 5, 2024, Edgar filed a motion to continue Miller's change of plea hearing because Miller "has several questions about the guilty plea process that he would like several days to consider" and counsel needed time to review the Government's submitted Factual Basis at Docket 401, with Miller (Filing No. 403 at 1). Thereafter, the Court granted three unopposed motions to continue Miller's change of plea hearing because Miller had questions and concerns about pleading guilty under the Petition, and Edgar needed additional time to consult with Miller about substantive concessions made by the Government based on those concerns (Filing No. 415), (Filing 448), (Filing No. 453).

On August 13, 2024, Miller filed a Motion to convert his change of plea hearing to a *Frye* hearing/status conference, stating the "parties have worked diligently to attempt to resolve the matter," but Miller has "concern over entering a plea of guilty versus going to trial" and counsel believed "it would be helpful to conduct a status conference to ensure that Miller has every opportunity to consider his options before deciding to go to trial." (Filing No. 473 at 1). The Motion was granted, and the matter was converted from a Change of Plea Hearing to a *Frye* Hearing/Status Conference set for August 20, 2024 (Filing No. 479). At the August 20, 2024, hearing – after a 15-minute break so that Miller could talk further with his lawyer – Miller stated on the record that he wished to enter a plea of guilty to Counts 1, 3, and 7 of the Second Superseding Indictment, without the benefit of a plea agreement. The Government stated that it would dismiss Count 15. (Filing No. 624 at 3-6). Miller was sworn and placed under oath, and the Court proceeded with a Rule 11(b)(1) change of plea hearing. During the Rule 11 hearing, a detailed colloquy between Miller and the Court took place.

Miller testified that he was twenty-eight years old, had furthered his education to the eleventh‒twelfth grade, had no history of mental illness or addictions and he was not under the influence of any medication or other substance that might affect his ability to understand the proceedings (Filing No. 624 at 8). The Court fully advised Miller of the nature of the charges (conspiracy to distribute controlled substances, conspiracy to launder monetary instruments, and engaging in monetary transactions in criminally derived property) and the elements of the three offenses, and the statutory penalty ranges. *Id*. at 9-11. The Government agreed that it would dismiss Count 15, possession of a firearm by a previously convicted felon. *Id*. at 12. Miller affirmed that he understood both the nature of the charges and the elements of the offenses. *Id*. at 9-11. The Court inquired, and Miller affirmed, that he had sufficient time to talk to his lawyer about the Government's evidence in the case and the ways in which he might defend himself. *Id*. at 12. The Court inquired, and Miller affirmed, that he was fully satisfied with the counsel, representation, and advice that his attorney provided. *Id*. Without hesitation, Miller confirmed that no one threatened or coerced him to plead guilty or made any promises or assurances to convince him to plead guilty. *Id*. at 13. Miller affirmed that he was pleading guilty of his own free will because he was guilty. *Id*. The Court informed Miller, "[n]ow once I've accepted your plea of guilty, you'll be bound by that plea. So, at the end of this hearing, I'll ask you, 'Are you guilty,' and if you say you are; then I'll probably accept it, and then you'll be bound by it; do you understand that, sir?" and Miller responded "Yes, ma'am." *Id*. at 18.

The Court asked the Government to present its factual basis, and Edgar interjected because he "noticed some significant difference in the factual basis" provided by the Government, but Miller would accept the factual basis that he submitted at Docket 402, with "one small addition." *Id*. at 21. The additions were stated on the record. *Id*. at 21-24. Thereafter the Court engaged in a

detailed colloquy with Miller. The Court reminded Miller that he was under oath, inquired whether he heard what the government attorney just stated and was it the truth. *Id.* at 24. Miller responded "yes, ma'am." The Court inquired whether Miller needed to change or correct anything that was read into the record, and Miller responded, "No ma'am." *Id*. The Court found that Miller was fully competent and capable of entering an informed plea, aware of the nature of the charges and there was an independent basis in fact which contained each of the essential elements of the three offenses. The plea was accepted, and Miller was adjudged guilty of Counts 1, 3, and 7. *Id*. at 25-26. A sentencing hearing was scheduled for September 1, 2024. *Id*. On October 28, 2024, the Government filed a Motion to Dismiss Count 15 of the Second Superseding Indictment (Filing No. 618) and the next day, the Court granted that Motion (Filing No. 627).

On January 3, 2025, Miller filed his Motion to Withdraw Plea of Guilty, alleging that he could prove that his plea was not knowing, that he did not understand the elements of the charges against him, that he was under duress, and that he was innocent of the charges (*See* Filing No. 676). At the January 22, 2025, hearing, Edgar informed the Court that Miller also alleges ineffective assistance of counsel. As such, Edgar orally moved to withdraw his appearance, and the Court granted his motion (Filing No. 702). On February 20, 2025, attorney Kenneth Riggins ("Riggins") entered his appearance (Filing No. 749). Bifurcated hearings on Miller's motion to withdraw from his plea were held on February 27, 2025, (Filing No. 750) and April 14, 2025 (Filing No. 773). At the February 27 hearing, FBI Agent Todd Bevington ("Bevington") testified concerning Miller's claim that he was innocent. Bevington testified about the scope of the investigation and the evidence it would offer at trial to support Miller's guilt to the offenses in Counts 1, 3, and 7. Miller did not challenge Bevington's testimony.

At the April 14, 2025, evidentiary hearing, Miller testified that his plea was not made knowingly or voluntarily, he did not understand the full range of the guidelines, he was very confused, Edgar did not review the discovery with him, and Edgar made false promises about what was going to happen if he took the plea. Miller also testified that he's always felt that he was innocent as "this case is built on assumptions and, I believe vague charges and things of that nature, and I don't feel like I'm guilty of those charges at all."

Edgar testified concerning his representation as counsel. In summary, Edgar spent several hours going through contents of the discovery, including summaries from search warrant applications and surveillance. Edgar held multiple meetings with Miller, spent 6 to 8 hours reviewing the discovery, mailed Miller the original plea agreement (Hearing Exhibit 22), and they went over it together and Miller rejected that agreement. Edgar had no reason to believe that Millers answers during the Rule 11 plea colloquy were not true. While Miller always expressed reluctance about pleading guilty, Edgar notes that he ultimately followed through with the change of plea and admitted to a factual basis (Filing 676 at 2).

## II.    CONCLUSIONS OF LAW

Whether or not to set aside a guilty plea is fully within this Court's discretion, and a guilty plea should be set aside only if a fair and just reason is presented. Miller argues two reasons why his plea should be set aside: (1) ineffective assistance of counsel; and (2) proclaimed innocence. Under Federal Rule of Criminal Procedure 11(d), the court may set aside a guilty plea after it has been accepted, and before sentencing occurs, if the defendant has shown a fair and just reason for doing so. Fed. R. Crim. P. 11(d)(2)(B). This is not an absolute right given to defendants. *United States v. Collins*, 796 F.3d 829, 834 (7th Cir. 2015). Some examples of fair and just reasons for setting aside a guilty plea include ineffective assistance of counsel and legal innocence. *United*

*States v. Gomez-Orozco*, 188 F.3d 422, 425 (7th Cir. 1999). A denial of guilt, specifically one that contradicts sworn statements made during an acceptance-of-plea hearing, is not a fair and just reason. *United States v. Chavers*, 515 F.3d 722, 725 (7th Cir. 2008).

If a defendant wishes to withdraw a plea after stating it was made freely and knowingly, the defendant must offer "substantial evidence that impugns the validity of the plea." *United States v. Redig*, 27 F.3d 277, 280 (7th Cir. 1994). If substantial evidence is presented in the motion to set aside the plea, then the court should hold a hearing prior to ruling on the motion. *United States v. Messino*, 55 F.3d 1241, 1248 (7th Cir. 1995). "Further, if the allegations set forth in the motion contradict statements made by the defendant at an acceptance-of-plea hearing which satisfied the requirements of Rule 11, the allegations must overcome the 'presumption of verity' that attaches to such statements." *United States v. Redig,* 27 F.3d 277, 280 (7th Cir. 1994) (internal citation omitted) (quoting *United States v. Caban*, 962 F.2d 646, 649 (7th Cir. 1992)); *United States v. Standiford*, 148 F.3d 864, 868 (7th Cir. 1998).

"As a general rule, ineffective assistance of counsel may prevent a defendant's guilty plea from being knowing and voluntary." *United States v. Graf*, 827 F.3d 581, 585 (7th Cir. 2016) (collecting cases). In determining whether counsel was ineffective, the Court proceeds under the *Strickland* standard required in motions for relief under 28 U.S.C. § 2255. Specifically, a § 2255 movant claiming ineffective assistance of counsel bears the burden of showing (1) that counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *Resnick v. United States*, 7 F.4th 611, 619 (7th Cir. 2021). If a petitioner cannot establish one of the *Strickland* prongs, the court need not consider the other. *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014).

To assess counsel's performance, the court must "apply an objective standard of reasonableness considering all the circumstances." *Bridges v. United States*, 991 F.3d 793, 803 (7th Cir. 2021). However, a court's "scrutiny of an attorney's performance is 'highly deferential' to eliminate a much as possible the distorting effects of hindsight, and [a court] 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Vinyard v. United States*, 804 F.3d 1218, 1225 (7th Cir. 2015) (quoting *Strickland*, 466 U.S. at 689). "Under these standards, 'strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Id*. (quoting *Strickland*, 466 U.S. at 690). "Generally when an attorney articulates a strategic reason for a decision, the court defers to that choice." *United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005). Though, "an attorney's decisions are not immune from examination simply because they are deemed tactical." *U.S. ex rel. Hampton v. Leibach*, 347 F.3d 219, 249 (7th Cir. 2003). "An attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under *Strickland*." *Hinton v. Alabama*, 571 U.S. 263, 274 (2014).

## III.  DISCUSSION

In his Motion to withdraw from the plea of guilty, Miller contends that his plea was not knowing in that he did not understand the elements of the charges against him or the defenses available, he was under duress at the time of the change of plea, and he is innocent of the charges against him (Filing No. 676). Thereafter, in his response to the show cause order, Miller asserts that his original counsel, Edgar was ineffective (Filing No. 767). The Court will address these claims in turn.

Miller has not shown that his plea was not voluntary, that he pled guilty under duress or that he is innocent. The substance of the Rule 11 plea colloquy discredits Miller's assertions that his plea was not knowing. "When in response to a court's questioning, a defendant represents that he has entered his plea knowingly and voluntarily, those representations . . . carry a strong presumption of truth." *Precin v. United States*, 23 F.3d 1215, 1218 (7th Cir. 1994). "A defendant's motion to withdraw is unlikely to have merit if it seeks to dispute his sworn assurances to the court." *Graf*, 827 F.3d at 584. In the change of plea hearing, the Court asked Miller if he wanted to plead guilty to Counts 1, 3, and 7. Miller answered "Yes, ma'am." (Filing No. 624 at 7). The Court asked Miller if he understood that any false statements during the hearing could be used against him in another prosecution for either perjury or making a false statement. Miller responded, "Yes." *Id*. at 8. The Court asked Miller if he understood that Count 1 carries a "statutory penalty of 10 years up to *life* imprisonment" and Miller responded, "Yes." *Id*. at 10. (emphasis added). The Court then asked Miller if he was fully satisfied with the counsel, representation, and advice that was given to him by Edgar. Miller responded, "Yes, ma'am." *Id*. at 12. The Court then asked Miller if he was pleading guilty of his own free will and because he is, in fact, guilty. Miller responded, "Yes, ma'am." *Id*. at 13. The Court asked Miller if he understood that the Court would fashion a sentence within the statutory ranges previously discussed. Miller responded, "Yes, ma'am." The Court asked Miller if he understood that the Court could impose a sentence higher or lower than any recommendation either side makes and he responded, "Yes, ma'am." The Court then told Miller to pay close attention to the Government's factual basis and, after hearing the Government's factual basis, asked Miller again if he wanted to plead guilty or not guilty. Miller responded, "Guilty." *Id*. at 25.

Miller has not presented sufficient evidence to challenge the affirmed statements he made during the Rule 11 hearing. Twenty-eight-year-old Miller attended high school through the 11th or 12th grade. He has no mental health or substance abuse issues and was not under the influence of any medication or other substance that might affect his ability to understand these proceedings. While this case is complex, the charges and allegations concerning Miller are straightforward, and the Court is satisfied that Miller's plea of guilty was entered knowingly and voluntarily.

Moreover, the Government has presented overwhelming evidence to dispute Miller's recent claims of innocence. Miller's statements in his petition to enter a plea of guilty (Filing No. 620) and statement made under oath during his Rule 11 hearing, contradict his testimony at the evidentiary hearing. For example, Miller's assertion that he did not know he could be sentenced to life is contradicted by both his and Edgar's testimony and the substance of the plea inquiry conducted at his change of plea hearing. And Miller's testimony that Edgar that did not talk to him about how the numbers are calculated is contradicted by Edgar's testimony that he thoroughly explained the charges and penalties to Miller, and Edgar's testimony that while Miller was reluctant, the decision to proceed with the plea was made by Miller.

Miller has not shown that he was under duress. At the beginning of the June 5, 2024 proceeding, Miller requested and have given an opportunity to consult with Edgar and make a final determination whether he wanted to proceed with trial of a change of plea. Thereafter, Miller engaged actively with the Court during the Rule 11 colloquy and carefully distinguished the facts that he accepted and those that he denied. Although Miller had been reluctant about pleading guilty, the record of the June 4, 2024 proceeding shows that Miller responded thoughtfully and intelligently, and he was fully capable of understanding the proceedings and displayed no confusion. At the evidentiary hearing Miller testified that his sworn testimonies during the change

of plea hearing were all lies. He made conclusory statements that he believes he is innocent and contends that he did not understand the defenses available but offered no defense to support his claims of innocence. The Court affords little weight to the veracity of Miller's newly claimed assertions of innocence or claims that his plea of guilty was involuntary.

The Court will now address Millers claim of ineffective counsel. At the evidentiary hearing, Miller presented testimony and argument that his previous counsel, Edgar, was ineffective because he only spent six to eight hours reviewing discovery, failed to explain the full range of the guidelines and tell Miller that he could be sentenced to life imprisonment, and delayed filing Miller's request to withdraw from the plea of guilty. The Court will address each argument in turn.

First,  Miller asserts that Edgar's time spent on discovery was inadequate given the nature of the charges. Miller argues that the six to eight hours Edgar spent reviewing the discovery materials was not enough time for counsel to be fully prepared and that this amounts to ineffective assistance of counsel. However, there is no set amount of time counsel is required to spend reviewing discovery materials. *Sullivan v. Fairman*, 819 F.2d 1382, 1391 (7th Cir. 1987). Rather, as stated above, the Court looks to whether Edgar's performance fell below an objectively reasonable standard. The Court finds that it did not.

Edgar both reviewed discovery materials prior to meeting with Miller and spent multiple meetings with Miller reviewing the evidence against him. Miller's assertions that he had no knowledge of the potential sentencing guideline range is not supported by the evidence.  It is apparent to the Court that Miller had access to Hearing Exhibit 22, a plea agreement pursuant to Federal Rule of Criminal Procedure 11(C)(1)(c), which contained guideline calculations. After discussing the terms of the binding plea agreement, Miller, by his counsel Edgar, rejected the government's unfavorable plea offer and only later decided that petitioning the Court to plead

guilty was in his best interest. Miller testified that when they took the 15-mimute break, "Edgar was just telling me why I should take the plea and how he don't think I he could fight this or beat this case". But, "[urging] a client who is facing an overwhelming amount of evidence of guilt against him to consider entering into a plea" is not by itself ineffective assistance of counsel. *United States v. Messino*, 55 F.3d 1241, 1252 (7th Cir. 1995). This is the case here and Miller has provided no other reason why Edgar failed to adequately represent him by urging him to plead guilty.

Second, Miller asserts that Edgar failed to tell him that if he plead guilty, he could receive a life sentence due to the base level of his offenses totaling 43. Miller contends that had he known about a possible life sentence he would not have pled  guilty. However, both Miller and Edgar reviewed the sentencing guidelines in Hearing Exhibit 22, which show that a level 43 offense could result in a life sentence regardless of which criminal history category a defendant falls into. Miller's assertion that he did not know he could be sentenced to life is contradicted by both his and Edgar's testimony and the substance of the plea inquiry conducted at his change of plea hearing. Edgar was not ineffective on this basis and the Court again concludes that Miller entered the guilty plea knowingly and voluntarily.

Third, Miller asserts that the delay in filing his motion was objectively unreasonable. Miller argues that by filing the Motion to Withdraw Plea of Guilty approximately four months after Miller told Edgar that he wanted to withdraw his plea, Edgar was ineffective. Miller informed Edgar that he wanted to withdraw his guilty plea sometime in early October 2024, but Edgar did not file the Motion to Withdraw Plea of Guilty until January 3, 2025. Edgar testified that the delay occurred for two reasons: (1) he misread the docket and thought that a co-defendant filed a motion to withdraw their guilty plea and Edgar believed it would be advantageous to wait for the outcome of the co-defendant's motion, and (2) he felt that motions to withdraw a guilty plea face a high

burden so he wanted to make sure he was thorough in both his research and the brief submitted to the Court.

Here, Edgar was not ineffective by filing the Motion to Withdraw Plea of Guilty in January 2025. Edgar did not miss any deadlines to file the motion, and the outcome would not have been any different had Edgar filed the motion sooner. While Edgar incorrectly thought a co-defendant filed a similar motion, this mistake does not amount to ineffective assistance of counsel because such belief was neither fundamental to Miller's case, nor was it based on a failure to research. *Hinton,* 571 U.S. at 274. Further, Miller does not provide any persuasive reasoning for why the filing of the motion in January fell below the objective reasonableness standard. He merely asserts that the motion could and should have been filed earlier. Accordingly, Edgar's failure to immediately file a motion to withdraw from the guilty plea did not deprive Miller of effective assistance of counsel and is not a fair or just reason for allowing Miller to withdraw his knowing guilty plea.

Importantly, Miller was not prejudiced by any of the shortcomings he asserts Edgar made. Miller has made no showing as to how he would have been placed in a better position had Edgar done anything different. Instead, the evidence shows that Edgar did an admirable job in his representation of Miller. Early in his representation, he mailed to Miller and discussed the Governments binding plea agreement which contained the guideline calculations, offense level 43, enhancements and an offer of a 420-month term of imprisonment. (Hearing Exhibit 22). After discussions with Edgar, Miller rejected that plea agreement. After filing the Petition to plead guilty without the benefit of an agreement, Edgar moved for and was granted three continuances so that Miller could decide whether he wished to proceed with a change of plea or proceed to trial.

Miller has presented no evidence to show that he was under duress, that Edgar used any coercion or made false representations to Miller concerning the penalty range. By rejecting the binding plea agreement and pleading open to the Court, Edgar negotiated the dismissal of Count 15, entered an objection to each of the enhancements (Filing No. 659 at 35-41), and Miller is able to argue for a sentence anywhere from the mandatory minimum of 10 years up to life imprisonment. The overwhelming evidence the Government has presented throughout this case leads to the conclusion that Miller would have fared no better at trial, and likely would have ended up in a worse position. Therefore, Miller's ineffective assistance of counsel claim fails on both elements under *Strickland*.

In *United States v. Messino*, the 7th Circuit Court of Appeals affirmed that Messino's motion to withdraw a guilty plea should be denied where overwhelming evidence of guilt was presented, and the plea was entered knowingly and voluntarily. *United States v. Messino*, at 1251. Messino pled guilty to cocaine trafficking and later asked to withdraw his plea, stating he was coerced into pleading guilty by his attorney. *Id.* at 1249. However, after reviewing the record from the Rule 11 hearing and the signed plea agreement, in which Messino stated he was "fully satisfied with [his] attorney's advice and representation," the court found Messino's argument unconvincing. The court also considered Messino's age, education, and level of intelligence. *Id.*

Like in *Messino*, Miller bears the burden of persuasion here and faces an uphill battle. Miller has overwhelmingly failed to meet that burden. At his Rule 11 hearing, he affirmed the voluntariness of his plea and that he was satisfied with the representation and counseling provided by Edgar. The Court does not dispute that Miller was hesitant, and the Court granted numerous continuances to ensure that Miller had adequate time to make his decision. At his Rule 11 colloquy, Miller affirmed to the Court that he'd had sufficient time. And when faced with the reality that he

must decide whether he wanted to plead guilty or proceed to trial, Miller chose to plead guilty. The record supports that Miller voluntarily entered the plea of guilty, and there is no evidence that attorney Edgar was ineffective or coercive or that Miller was under duress during the Rule 11 hearing. Miller has woefully failed to establish his claims of ineffective counsel or recent claim of innocence. The Court's first-hand observations of Miller at his Rule 11 hearing, and the evidence presented at the February 27 and April 14, 2025 evidentiary hearings convince the Court that no "just and fair" reasons exist to set aside Miller's plea of guilty. Therefore, Miller's Motion to Withdraw Plea of Guilty is **denied**.

## IV.    **CONCLUSION AND ORDER**

For the reasons explained above, the Court concludes that Miller has not provided a fair and just reason to set aside his June 5, 2024, plea of guilty. Motion to Withdraw Plea of Guilty (Filing No. 676) is **DENIED.** This matter will proceed to sentencing as scheduled on May 22, 2025. Any sentencing memorandum are due by May 15, 2025.

**SO ORDERED**.

Date:    4/25/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Kelsey Massa
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kelsey.massa@usdoj.gov

Kenneth Lawrence Riggins
Kennethriggins@yahoo.com